CH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JAN 11 2008
Jan 11 2008
Judge Blanche M. Manning
United Stat·      Court

| | | |
|---|---|---|
| SAIRA JAFFARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.    07 CV 07050 |
| | ) | |
| VALUE CITY FURNITURE, an Illinois | ) | Judge Leinenweber |
| corporation, and AMERICAN SIGNATURE | ) | |
| HOME, an Illinois corporation, and AMERICAN | ) | Magistrate Judge Keyes |
| SIGNATURE, INC.,  an Illinois corporation, and | ) | |
| JLP-NORTH LAKE, LLC, an Illinois Limited | ) | |
| Liability Company, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED EMERGENCY MOTION TO AMEND COMPLAINT
## TO ADD PARTY DEFENDANTS

NOW COMES the Plaintiff, Saira Jaffary, by and through her attorneys, Karchmar & Stone,

and moves this honorable court for leave to file her First Amended Complaint at Law, to add

Northlake Shopping Center Corporation and The Harlem Irving Companies, Inc. as additional party

Defendants, and for summons' to issue, instanter, and in support of, states as follows:

1.      This matter stems from a slip and fall incident that occurred at Value City Furniture

on January 21, 2006.

2.      <u>The statute of limitations runs on January 21, 2008.</u>

3.      Plaintiff's counsel, Cindy A. Scolaro, learned on January 8, 2008, from defense

counsel, Mark Poulakidas, that there were two companies that managed the shopping center where

this incident took place, The Harlem Irving Companies, Inc., and Northlake Shopping Center

Corporation, that were not named in the original complaint.

4.      Plaintiff's counsel immediately researched the two above companies and learned that

they are both Illinois corporations with domestic agents.

5.    Plaintiff's counsel immediately sought to amend the Plaintiff's complaint to add the above two additional party defendants to the lawsuit.

6.    However, on January 10, 2008, when Plaintiff's attorney attempted to obtain a motion hearing date prior to January 21, 2008, when the statute runs, her clerk was informed that Judge Leinenweber will not return until January 22, 2008, and that would be his next available hearing date.

7.    At that time, Plaintiff's counsel's clerk was informed by Judge Manning's clerk that this matter would be treated as an emergency motion and heard that afternoon, January 10, 2008.

8.    However, the Honorable Judge Manning's clerk, via email, indicated that Judge Manning denied said emergency motion for the following reasons: 1.) The motion fails to provide any citation to authority; 2.) The plaintiff does not identify the citizenship of the proposed additional defendants;  3.) and the motion does not indicate why this motion cannot wait until Judge Leinenweber's return.

9.    In response to the above three requirements: In accordance with Federal Rules of Civil Procedure, Rule 15, a party may amend the party's pleading by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  (See also Beeck v. Aquaslide, 562 F.2d 537.)  In the instant case, justice requires that the managing companies, Northlake Shopping Center Corporation and The Harlem Irving Companies, Inc., be added immediately, prior to the running of the upcoming statute of limitations, so that the Plaintiff's case is not prejudiced.

10.    The identity of the citizenship of the proposed additional party defendants is as follows: Northlake Shopping Center Corporation, an Illinois corporation in good standing, with its

registered agent as follows: Michael A. Marchese, 4104 N. Harlem Avenue, Chicago, Illinois, 60634;

The Harlem Irving Companies, Inc., an Illinois corporation in good standing, with its registered

agent as follows: Michael A. Marchese, 4104 North Harlem Avenue, Chicago, Illinois, 60634.

11.    The reason it is necessary for this motion to be heard as an emergency motion, and

prior to Judge Leinenweber's return is that the statute of limitations is fast-approaching, specifically,

on January 21, 2008, which is prior to Judge Leinenweber's return.

12.    Plaintiff respectfully requests that this motion be heard as soon as practicable for the

above reasons.

13.    Counsel for the defendants, Mark Poulakidas, has indicated that he has **no objections**

to said motion, and he may be reached at (312) 676-7077.

WHEREFORE, Plaintiff requests that this honorable court grant her leave to file an amended

complaint instanter to add additional party defendants as stated above.

KARCHMAR & STONE

By: _____
One of the attorneys for the Plaintiff

Cindy A. Scolaro, Esq.
KARCHMAR & STONE
Attorney for Plaintiff
111 West Washington Street
Suite 1030
Chicago, Illinois 60602
(312) 236-9744