IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAIRA JAFFARY, ) | |
|        Plaintiff, ) | |
| ) | |
| vs. ) | No. 07 CV 07050 |
| ) | |
| VALUE CITY FURNITURE, an Illinois ) | |
| corporation, and AMERICAN SIGNATURE ) | |
| HOME, an Illinois corporation, and AMERICAN ) | |
| SIGNATURE, INC., an Illinois corporation, and ) | |
| JLP-NORTH LAKE, LLC, an Illinois Limited ) | |
| Liability Company, and NORTHLAKE SHOPPING ) | |
| CENTER CORPORATION, an Illinois corporation, ) | |
| And THE HARLEM IRVING COMPANIES, INC., ) | |
| An Illinois corporation, ) | |
|        Defendants. ) | |

FILED
JAN 16 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## FIRST AMENDED COMPLAINT AT LAW

### COUNT I

NOW COMES the Plaintiff, SAIRA JAFFARY, by and through her attorneys, KARCHMAR & STONE, and complaining hypothetically and in the alternative of the Defendants, VALUE CITY FURNITURE, an Illinois corporation, AMERICAN SIGNATURE HOME, an Illinois corporation, AMERICAN SIGNATURE, INC., an Illinois corporation, and JLP-NORTH LAKE, LLC, an Illinois Limited Liability Company, (collectively known as "Defendants"), states as follows:

1.    That on or about January 21, 2006, and prior thereto, the Defendant, VALUE CITY FURNITURE, an Illinois corporation, owned, operated, maintained, managed and controlled the property commonly known as "VALUE CITY FURNITURE", 49 W. North Avenue, in the City of Northlake, County of Cook and State of Illinois.

2. That on or about January 21, 2006, and prior thereto, the Defendant, VALUE CITY FURNITURE, was qualified to do business in Illinois, doing business as VALUE CITY FURNITURE, at 49 W. North Avenue, in the City of Northlake, County of Cook and State of Illinois, and through its agents, were collectively engaged in the operation and sale of retail furniture and household items, which operation was open to those members of the public, including the Plaintiff.

3. That on or about January 21, 2006, and prior thereto, the Defendant, AMERICAN SIGNATURE HOME, an Illinois corporation, owned, operated, maintained, managed and controlled the property commonly known as "VALUE CITY FURNITURE", 49 W. North Avenue, in the City of Northlake, County of Cook and State of Illinois.

4. That on or about January 21, 2006, and prior thereto, the Defendant, AMERICAN SIGNATURE HOME, an Illinois corporation, was qualified to do business in Illinois, doing business as VALUE CITY FURNITURE, at 49 W. North Avenue, in the City of Northlake, County of Cook and State of Illinois, and through its agents, were collectively engaged in the operation and sale of retail furniture and household items, which operation was open to those members of the public, including the Plaintiff.

5. That on or about January 21, 2006, and prior thereto, the Defendant, AMERICAN SIGNATURE, INC., an Illinois corporation, owned, operated, maintained, managed and controlled the property commonly known as "VALUE CITY FURNITURE", 49 W. North Avenue, in the City of Northlake, County of Cook and State of Illinois.

6. That on or about January 21, 2006, and prior thereto, the Defendant, AMERICAN SIGNATURE, INC., was qualified to do business in Illinois, doing business as VALUE CITY FURNITURE, at 49 W. North Avenue, in the City of Northlake, County of Cook and State of

Illinois, and through its agents, were collectively engaged in the operation and sale of retail furniture and household items, which operation was open to those members of the public, including the Plaintiff.

7. That on or about January 21, 2006, and prior thereto, the Defendant, JLP-NORTH LAKE, LLC, an Illinois Limited Liability Company, owned, operated, maintained, managed and controlled the property commonly known as "VALUE CITY FURNITURE", 49 W. North Avenue, in the City of Northlake, County of Cook and State of Illinois.

8. That on or about January 21, 2006, and prior thereto, the Defendant, JLP-NORTH LAKE, LLC, an Illinois Limited Liability Company, was qualified to do business in Illinois, doing business as VALUE CITY FURNITURE, at 49 W. North Avenue, in the City of Northlake, County of Cook and State of Illinois, and through its agents, were collectively engaged in the operation and sale of retail furniture and household items, which operation was open to those members of the public, including the Plaintiff.

9. That on or about January 21, 2006, the Plaintiff, SAIRA JAFFARY, was lawfully on the premises located at 49 W. North Avenue, in the City of Northlake, County of Cook, and State of Illinois, and was shopping on said premises.

10. That it then and there became and was the duty of the Defendants to manage, maintain, control and repair said premises, specifically the entrance, in such a manner so as to not to cause injury to the Plaintiff, SAIRA JAFFARY, and others then and there lawfully on said premises, and to exercise ordinary care to see that the premises was reasonably safe for the use of those lawfully upon the property.

11. That notwithstanding the aforesaid duty, the Defendants, and each of them, by and through their agents and/or employees, were guilty of one or more of the following negligent acts and/or omissions:

   (a) Carelessly and negligently allowed the ground in and around the entranceway to remain in an unsafe condition when they knew or should have known that ice was present for a long period of time that in turn created a hazardous condition for its patrons;

   (b) Carelessly and negligently failed to maintain the premises at the aforesaid place in a reasonably safe condition for use by persons lawfully on said premises, including the Plaintiff SAIRA JAFFARY;

   (c) Carelessly and negligently failed to provide a safe place for patrons, and particularly for the Plaintiff herein, to walk while entering the premises;

   (d) Carelessly and negligently failed to give any type of warning to patrons, or the Plaintiff, SAIRA JAFFARY, to proceed with caution because of the existence of ice on the ground in and around the entranceway;

   (e) Carelessly and negligently failed to remove said ice from the ground of the entranceway so as to provide a safe place for the Plaintiff, SAIRA JAFFARY, to walk when they knew or should have known that said area was icy and dangerous;

   (f) Carelessly and negligently failed to put salt down in said entranceway when they knew or should have known that said area was icy and dangerous;

   (g) Carelessly and negligently failed to shovel and/or plow said entranceway when they knew or should have known that said area was icy and dangerous;

   (h) Carelessly and negligently failed to provide adequate lighting in said entranceway when they knew or should have known that said area was dark, poorly lit, icy and dangerous; and

   (i) Were otherwise careless and negligent in owning, operating, controlling, maintaining and managing said premises.

12. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendants, and each of them, the Plaintiff, SAIRA JAFFARY, was

caused to slip and fall as a result of said condition, thereby striking the ground in a manner which caused grievous injury to the Plaintiff, SAIRA JAFFARY.

13. That by reason of the aforesaid negligent acts and/or omissions of the Defendants, and each of them, the Plaintiff, SAIRA JAFFARY, was then and there seriously and permanently injured, both internally and externally and she thereby became disabled and will so remain for a long period of time, during all of which time she has suffered physical pain and will continue to suffer for a long time in the future. Said Plaintiff, SAIRA JAFFARY, has expended considerable sums of money and incurred considerable indebtedness in obtaining care and treatment, and she will continue to expend and incur additional sums of money in endeavoring to cure herself of said injuries. Said Plaintiff, SAIRA JAFFARY, has also been unable to attend to her customary duties and affairs and will for a long time in the future be unable to attend to the same regularly, thereby causing loss to the Plaintiff, SAIRA JAFFARY.

WHEREFORE, the Plaintiff, SAIRA JAFFARY, prays for judgment against the Defendants, VALUE CITY FURNITURE, an Illinois corporation, and AMERICAN SIGNATURE HOME, an Illinois corporation, AMERICAN SIGNATURE, INC., an Illinois corporation, and JLP-NORTH LAKE, LLC, an Illinois Limited Liability Company, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this litigation.

## COUNT II

NOW COMES the Plaintiff, SAIRA JAFFARY, by and through her attorneys, KARCHMAR & STONE, and complaining hypothetically and in the alternative of the Defendant, NORTHLAKE SHOPPING CENTER CORPORATION, an Illinois corporation, states as follows:

1.     That on or about January 21, 2006, and prior thereto, the Defendant, NORTHLAKE SHOPPING CENTER CORPORATION, an Illinois corporation, owned, operated, maintained, managed and controlled the property commonly known as "VALUE CITY FURNITURE", 49 W. North Avenue, in the City of Northlake, County of Cook and State of Illinois.

2.     That on or about January 21, 2006, and prior thereto, the Defendant, NOTHLAKE SHOPPING CENTER CORPORATAION, was qualified to do business in Illinois, doing business as VALUE CITY FURNITURE, at 49 W. North Avenue, in the City of Northlake, County of Cook and State of Illinois, and through its agents, were collectively engaged in the operation and sale of retail furniture and household items, which operation was open to those members of the public, including the Plaintiff.

3.     That on or about January 21, 2006, the Plaintiff, SAIRA JAFFARY, was lawfully on the premises located at 49 W. North Avenue, in the City of Northlake, County of Cook, and State of Illinois, and was shopping on said premises.

4.     That it then and there became and was the duty of the Defendant, NORTHLAKE SHOPPING CENTER CORPORATION, to manage, maintain, control and repair said premises, specifically the entrance, in such a manner so as to not to cause injury to the Plaintiff, SAIRA JAFFARY, and others then and there lawfully on said premises, and to exercise ordinary care to see that the premises was reasonably safe for the use of those lawfully upon the property.

5.     That notwithstanding the aforesaid duty, the Defendant, NOTHLAKE SHOPPING CENTER CORPORATION, by and through their agents and/or employees, were guilty of one or more of the following negligent acts and/or omissions:

(a)     Carelessly and negligently allowed the ground in and around the entranceway to remain in an unsafe condition when they knew or should have known that ice was

6

present for a long period of time that in turn created a hazardous condition for its patrons;

(b) Carelessly and negligently failed to maintain the premises at the aforesaid place in a reasonably safe condition for use by persons lawfully on said premises, including the Plaintiff SAIRA JAFFARY;

(c) Carelessly and negligently failed to provide a safe place for patrons, and particularly for the Plaintiff herein, to walk while entering the premises;

(d) Carelessly and negligently failed to give any type of warning to patrons, or the Plaintiff, SAIRA JAFFARY, to proceed with caution because of the existence of ice on the ground in and around the entranceway;

(e) Carelessly and negligently failed to remove said ice from the ground of the entranceway so as to provide a safe place for the Plaintiff, SAIRA JAFFARY, to walk when they knew or should have known that said area was icy and dangerous;

(f) Carelessly and negligently failed to put salt down in said entranceway when they knew or should have known that said area was icy and dangerous;

(g) Carelessly and negligently failed to shovel and/or plow said entranceway when they knew or should have known that said area was icy and dangerous;

(h) Carelessly and negligently failed to provide adequate lighting in said entranceway when they knew or should have known that said area was dark, poorly lit, icy and dangerous; and

(i) Were otherwise careless and negligent in owning, operating, controlling, maintaining and managing said premises.

6. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, NOTHLAKE SHOPPING CENTER CORPORATION, the Plaintiff, SAIRA JAFFARY, was caused to slip and fall as a result of said condition, thereby striking the ground in a manner which caused grievous injury to the Plaintiff, SAIRA JAFFARY.

7. That by reason of the aforesaid negligent acts and/or omissions of the Defendant, NORTHLAKE SHOPPING CENTER CORPORATION, the Plaintiff, SAIRA JAFFARY, was then and there seriously and permanently injured, both internally and externally and she thereby

became disabled and will so remain for a long period of time, during all of which time she has suffered physical pain and will continue to suffer for a long time in the future. Said Plaintiff, SAIRA JAFFARY, has expended considerable sums of money and incurred considerable indebtedness in obtaining care and treatment, and she will continue to expend and incur additional sums of money in endeavoring to cure herself of said injuries. Said Plaintiff, SAIRA JAFFARY, has also been unable to attend to her customary duties and affairs and will for a long time in the future be unable to attend to the same regularly, thereby causing loss to the Plaintiff, SAIRA JAFFARY.

WHEREFORE, the Plaintiff, SAIRA JAFFARY, prays for judgment against the Defendant, NORTHLAKE SHOPPING CENTER CORPORATION, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this litigation.

### COUNT III

NOW COMES the Plaintiff, SAIRA JAFFARY, by and through her attorneys, KARCHMAR & STONE, and complaining hypothetically and in the alternative of the Defendant, THE HARLEM IRVING COMPANIES, INC., an Illinois corporation, states as follows:

1. That on or about January 21, 2006, and prior thereto, the Defendant, THE HARLEM IRVING COMPANIES, INC., an Illinois corporation, owned, operated, maintained, managed and controlled the property commonly known as "VALUE CITY FURNITURE", 49 W. North Avenue, in the City of Northlake, County of Cook and State of Illinois.

2. That on or about January 21, 2006, and prior thereto, the Defendant, THE HARLEM IRVING COMPANIES, INC., was qualified to do business in Illinois, doing business as VALUE CITY FURNITURE, at 49 W. North Avenue, in the City of Northlake, County of

Cook and State of Illinois, and through its agents, were collectively engaged in the operation and sale of retail furniture and household items, which operation was open to those members of the public, including the Plaintiff.

3. That on or about January 21, 2006, the Plaintiff, SAIRA JAFFARY, was lawfully on the premises located at 49 W. North Avenue, in the City of Northlake, County of Cook, and State of Illinois, and was shopping on said premises.

4. That it then and there became and was the duty of the Defendant, THE HARLEM IRVING COMPANIES, INC., to manage, maintain, control and repair said premises, specifically the entrance, in such a manner so as to not to cause injury to the Plaintiff, SAIRA JAFFARY, and others then and there lawfully on said premises, and to exercise ordinary care to see that the premises was reasonably safe for the use of those lawfully upon the property.

5. That notwithstanding the aforesaid duty, the Defendant, THE HARLEM IRVING COMPANIES, INC., by and through their agents and/or employees, were guilty of one or more of the following negligent acts and/or omissions:

    (a) Carelessly and negligently allowed the ground in and around the entranceway to remain in an unsafe condition when they knew or should have known that ice was present for a long period of time that in turn created a hazardous condition for its patrons;

    (b) Carelessly and negligently failed to maintain the premises at the aforesaid place in a reasonably safe condition for use by persons lawfully on said premises, including the Plaintiff SAIRA JAFFARY;

    (c) Carelessly and negligently failed to provide a safe place for patrons, and particularly for the Plaintiff herein, to walk while entering the premises;

    (d) Carelessly and negligently failed to give any type of warning to patrons, or the Plaintiff, SAIRA JAFFARY, to proceed with caution because of the existence of ice on the ground in and around the entranceway;

(e) Carelessly and negligently failed to remove said ice from the ground of the entranceway so as to provide a safe place for the Plaintiff, SAIRA JAFFARY, to walk when they knew or should have known that said area was icy and dangerous;

(f) Carelessly and negligently failed to put salt down in said entranceway when they knew or should have known that said area was icy and dangerous;

(g) Carelessly and negligently failed to shovel and/or plow said entranceway when they knew or should have known that said area was icy and dangerous;

(h) Carelessly and negligently failed to provide adequate lighting in said entranceway when they knew or should have known that said area was dark, poorly lit, icy and dangerous; and

(i) Were otherwise careless and negligent in owning, operating, controlling, maintaining and managing said premises.

6. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, THE HARLEM IRVING COMPANIES, INC., the Plaintiff, SAIRA JAFFARY, was caused to slip and fall as a result of said condition, thereby striking the ground in a manner which caused grievous injury to the Plaintiff, SAIRA JAFFARY.

7. That by reason of the aforesaid negligent acts and/or omissions of the Defendant, THE HARLEM IRVING COMPANIES, INC., the Plaintiff, SAIRA JAFFARY, was then and there seriously and permanently injured, both internally and externally and she thereby became disabled and will so remain for a long period of time, during all of which time she has suffered physical pain and will continue to suffer for a long time in the future. Said Plaintiff, SAIRA JAFFARY, has expended considerable sums of money and incurred considerable indebtedness in obtaining care and treatment, and she will continue to expend and incur additional sums of money in endeavoring to cure herself of said injuries. Said Plaintiff, SAIRA JAFFARY, has also been unable to attend to her customary duties and affairs and will for a long time in the future be unable to attend to the same regularly, thereby causing loss to the Plaintiff, SAIRA JAFFARY.

WHEREFORE, the Plaintiff, SAIRA JAFFARY, prays for judgment against the Defendant, THE HARLEM IRVING COMPANIES, INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this litigation.

SAIRA JAFFARY

KARCHMAR & STONE

By: _____
One of the Attorneys for Plaintiff

Cindy A. Scolaro, Esq.  - 37750
KARCHMAR & STONE
Attorney for Plaintiff
111 W. Washington
Suite 1030
Chicago, IL 60602
312-236-9744