2099 mgp

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAIRA JAFFARY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No.:    07 CV 07050 |
| | ) | |
| VALUE CITY FURNITURE, an Illinois | ) | |
| Corporation, and AMERICAN SIGNATURE | ) | |
| HOME, an Illinois corporation, and AMERICAN | ) | |
| SIGNATURE, INC., an Illinois corporation, and | ) | |
| JLP-NORTHLAKE, LLC, an Illinois Limited | ) | |
| Liability Company, and NORTHLAKE | ) | |
| SHOPPING CENTER CORPORATION, an | ) | |
| Illinois corporation, and THE HARLEM IRVING | ) | |
| COMPANIES, INC., an Illinois corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT AMERICAN SIGNATURE, INC.
## AND JLP-NORTHLAKE, LLC TO PLAINTIFF'S
## FIRST AMENDED COMPLAINT AT LAW

Defendants, AMERICAN SIGNATURE, INC. and JLP-NORTHLAKE, LLC, by and

through their attorneys, HAYNES,STUDNICKA, KAHAN, O'NEILL & MILLER, LLC, hereby

answer the First Amended Complaint at Law filed by Plaintiff SAIRA JAFFARY, and submit

their affirmative defenses, and state as follows:

## COUNT I

1.    That on or about January 21, 2006, and prior thereto, the Defendant, VALUE

CITY FURNITURE, an Illinois corporation, owned, operated, maintained, managed and

controlled the property commonly known as 'VALUE CITY FURNITURE", 49 W. North

Avenue, in the City of Northlake, County of Cook and State of Illinois.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 1.

2.    That on or about January 21, 2006, and prior thereto, the Defendant, VALUE CITY FURNITURE, was qualified to do business in Illinois, doing business as VALUE CITY FURNITURE, at 49 W. North Avenue, in the City of Northlake, County of Cook and State of Illinois, and through its agents, were collectively engaged in the operation and sale of retail furniture and household items, which operation was open to those members of the public, including the Plaintiff.

**ANSWER:**    Defendants deny the allegations contained in paragraph 2.

3.    That on or about January 21, 2006, and prior thereto, the Defendant, AMERICAN SIGNATURE HOME, an Illinois corporation, owned, operated, maintained, managed and controlled the property commonly known as "VALUE CITY FURNITURE", 49 W. North Avenue, in the City of Northlake, County of Cook and State of Illinois.

**ANSWER:**    Defendants deny the allegations contained in paragraph 3.

4.    That on or about January 21, 2006, and prior thereto, the Defendant, AMERICAN SIGNATURE HOME, an Illinois corporation, was qualified to do business in Illinois, doing business as VALUE CITY FURNITURE, at 49 W. North Avenue, in the City of Northlake, County of Cook and State of Illinois, and through its agents, were collectively engage3d in the operation and sale of retail furniture and household items, which operation was open to those members of the public, including the Plaintiff.

**ANSWER:**    Defendants deny the allegations contained in paragraph 4.

5.    That on or about January 21, 2006, and prior thereto, the Defendant, AMERICAN SIGNATURE, INC., an Illinois corporation, owned, operated, maintained, managed and controlled the property commonly known as "VALUE CITY FURNITURE", 49 W. North Avenue, in the City of Northlake, County of Cook and State of Illinois.

2

**ANSWER:**    Defendants admit only that Value City Furniture was a division of American Signature, Inc. as of the date alleged, move to strike all allegations to the extent they contain legal conclusions and not allegations of fact, and deny all remaining allegations contained in paragraph 5.

6.    That on or about January 21, 2006, and prior thereto, the Defendant, AMERICAN SIGNATURE, INC., was qualified to do business in Illinois, doing business as VALUE CITY FURNITURE, at 49 W. North Avenue, in the City of Northlake, County of Cook and State of Illinois, and through its agents, were collectively engaged in the operation and sale of retail furniture and household items, which operation was open to those members of the public, including the Plaintiff.

**ANSWER:**    Defendants admit only that Value City Furniture was a division of American Signature, Inc. and that American Signature, Inc. was qualified to do business in Illinois and operated a retail store opened to the public for the sale of retail furniture and household items, at the time and place alleged, move to strike all allegations to the extent they contain legal conclusions and not allegations of fact, and deny all remaining allegations contained in paragraph 6.

7.    That on or about January 21, 2006, and prior thereto, the Defendant, JLP-NORTHLAKE, LLC, an Illinois Limited Liability Company, owned, operated, maintained, managed and controlled the property commonly known as "VALUE CITY FURNITURE", 49 W. North Avenue, in the City of Northlake, County of Cook and State of Illinois.

**ANSWER:**    Defendants move to strike all of the allegations in paragraph 7 to the extent they contain legal conclusions and not allegations of fact, and deny all remaining allegations contained in paragraph 7.

8.    That on or about January 21, 2006, and prior thereto, the Defendant, JLP NORTHLAKE, LLC, an Illinois Limited Liability Company, was qualified to do business in Illinois, doing business as VALUE CITY FURNITURE, at 49 W. North Avenue, in the City of Northlake, County of Cook and State of Illinois, and through its agents, were collectively engaged in the operation and sale of retail furniture and household items, which operation was open to those members of the public, including the Plaintiff.

**ANSWER:**    Defendants admit only that JLP-Northlake, LLC was qualified to do business in Illinois as of the date alleged, move to strike all allegations in paragraph 8 to the extent they contain legal conclusions and not allegations of fact, and deny all remaining allegations contained in paragraph 8.

9.    That on or about January 21, 2006, the Plaintiff, SAIRA JAFFARY, was lawfully on the premises located at 49 W. North Avenue, in the City of Northlake, County of Cook, and State of Illinois, and was shopping on said premises.

**ANSWER:**    Defendants lack information sufficient to admit or deny the allegations contained in paragraph 9, but demand strict proof thereof.

10.    That it then and there became and was the duty of the Defendants to manage, maintain, control and repair said premises, specifically the entrance, in such a manner so as to not to cause injury to the Plaintiff, SAIRA JAFFARY, and others then and there lawfully on said premises, and to exercise ordinary care to see that the premises was reasonably safe for the use of those lawfully upon the property.

**ANSWER:**    Defendants admit only to those duties as imposed by law, deny that Plaintiff has accurately alleged any such duties, and deny all remaining allegations contained in paragraph 10.

11.    That notwithstanding the aforesaid duty, the Defendants, and each of them, by and through their agents and/or employees, were guilty of one or more of the following negligent acts and/or omissions:

(a)    Carelessly and negligently allowed the ground in and around the entranceway to remain in an unsafe condition when they knew or should have known that ice was present for a long period of time that in turn created a hazardous condition for its patrons;

(b)    Carelessly and negligently failed to maintain the premises at the aforesaid place in a reasonably safe condition for use by persons lawfully on said premises, including the Plaintiff SAIRA JAFFARY;

(c)    Carelessly and negligently failed to provide a safe place for patrons, and particularly for the Plaintiff herein, to walk while entering the premises;

(d)    Carelessly and negligently failed to give any type of warning to patrons, or the Plaintiff, SAIRA JAFFARY, to proceed with caution because of the existence of ice on the ground in and around the entranceway;

(e)    Carelessly and negligently failed to remove said ice from the ground of the entranceway so as to provide a safe place for the Plaintiff, SAIRA JAFFARY, to walk when they knew or should have known that said area was icy and dangerous;

(f)    Carelessly and negligently failed to put salt down in said entranceway when they knew or should have known that said area was icy and dangerous.

(g)    Carelessly and negligently failed to shovel and/or plow said entranceway when they knew or should have known that said area was icy and dangerous;

(h)    Carelessly and negligently failed to provide adequate lighting in said entranceway when they knew or should have known that said area was dark, poorly lit, icy and dangerous; and

(i)    Were otherwise careless and negligent in owning, operating, controlling, maintaining and managing said premises.

**ANSWER:**    Defendants deny all allegations contained in paragraph 11, including subparagraphs 11(a) through 11(i), inclusive.

12.    That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendants, and each of them, the Plaintiff, SAIRA JAFFARY, was caused to slip and fall as a result of said condition, thereby striking the ground in a manner which caused grievous injury to the Plaintiff, SAIRA JAFFARY.

**ANSWER:**    Defendants deny the allegations contained in paragraph 12.

13.    That by reason of the aforesaid negligent acts and/or omissions of the Defendants, and each of them, the Plaintiff, SAIRA JAFFARY, was then and there seriously and permanently injured, both internally and externally and she thereby became disabled and will so remain for a long period of time, during all of which time she has suffered physical pain and will continue to suffer for a long time in the future.  Said Plaintiff, SAIRA JAFFARY, has expended considerable sums of money and incurred considerable indebtedness in obtaining care and treatment, and she will continue to expend and incur additional sums of money in endeavoring to cure herself of said injuries.  Said Plaintiff, SAIRA JAFFARY, has also been unable to attend to her customary duties and affairs and will for a long time in the future be unable to attend to the same regularly, thereby causing loss to the Plaintiff, SAIRA JAFFARY.

**ANSWER:**    Defendants deny the allegations contained in paragraph 13.

WHEREFORE, Defendants, AMERICAN SIGNATURE, INC. and JLP-NORTHLAKE, LLC, deny that Plaintiff, SAIRA JAFFARY, is entitled to judgment in an amount in excess of Fifty Thousand Dollars ($50,000.00), or her costs of litigation, and pray that this Honorable Court strike and dismiss with prejudice Plaintiff's First Amended Complaint at Law, enter judgment in favor of Defendants and against Plaintiff, and award Defendants their costs incurred in the defense of this suit.

DEFENDANTS DEMAND TRIAL BY JURY.

## COUNT II

This Count II is not directed against the answering Defendants: accordingly, the answering Defendants make no answer to this Count II. To the extent any allegations in Count II may be construed as seeking relief from the answering Defendants, said allegations are denied.

## COUNT III

This Count III is not directed against the answering Defendants: accordingly, the answering Defendants make no answer to this Count III. To the extent any allegations in Count III may be construed as seeking relief from the answering Defendants, said allegations are denied.

## AFFIRMATIVE DEFENSES

Defendants, AMERICAN SIGNATURE, INC. and JLP-NORTHLAKE, LLC, by and through their attorneys, HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC, in the alternative, and without prejudice to their previous denials, state as follows for their affirmative defenses to Plaintiff's First Amended Complaint at Law:

1.      At the time and place alleged in Plaintiff's First Amended Complaint at Law, Saira Jaffary owed a duty to exercise ordinary care for her own safety.

2.      Notwithstanding the duty owed by her, Plaintiff Saira Jaffary was guilty of one or more of the following negligent acts and/or omissions:

  (a)      Negligently and carelessly failed to keep a proper lookout;

  (b)      Negligently and carelessly failed to avoid any alleged hazardous condition which existed on the premises;

  (c)      Negligently and carelessly failed to maintain control over herself while moving in the area of her alleged fall;

  (d)      Negligently and carelessly failed to observe and open and obvious condition in the area of her alleged fall; and

(e)    Was otherwise careless and negligent.

3.    One or more of the foregoing acts and/or omissions of Plaintiff Saira Jaffary was a proximate cause of any injuries sustained by Plaintiff.

4.    Any amount awarded to Plaintiff Saira Jaffary should be reduced by her contributory fault, up to a limit of 50%, unless her fault is found to be greater than 50%, in which case Plaintiff's action should be barred and judgment entered in favor of the Defendants.

WHEREFORE, Defendants, AMERICAN SIGNATURE, INC. and JLP-NORTHLAKE, LLC, pray that any amount awarded to Plaintiff be reduced by Plaintiff SAIRA JAFFARY'S comparative fault, up to a limit of 50%, unless her fault is found to be greater than 50%, in which case her action should be barred and judgment entered in favor of the Defendants.

DEFENDANTS DEMAND TRIAL BY JURY.

Respectfully submitted,


By:   /s/ Mark G. Poulakidas
    Mark G. Poulakidas, ARDC #6230065
    HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
    Attorneys for Defendants
    200 West Adams Street, Suite 500
    Chicago, Illinois 60606
    312-332-6644
    mpoulakidas@hskolaw.com