2099 mgp

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAIRA JAFFARY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 07 CV 7050 |
| | ) | |
| VALUE CITY FURNITURE, | ) | Judge Leinenweber |
| AMERICAN SIGNATURE HOME, | ) | |
| AMERICAN SIGNATURE, INC., | ) | Magistrate J. Keyes |
| and JLP-NORTH LAKE, LLC, | ) | |
| Defendants. | ) | |

## MOTION FOR A QUALIFIED PROTECTIVE ORDER
## PURSUANT TO HIPAA

NOW COMES Defendants, VALUE CITY FURNITURE, AMERICAN SIGNATURE HOME, AMERICAN SIGNATURE, INC. and JLP-NORTH LAKE, LLC, by and through their attorneys, HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC, pursuant to 42 U.S.C. §1320d and 45 CFR Parts 160 and 164 (HIPAA) and requests that this Court enter a qualified protective order stating as follows:

1. Plaintiff has filed a case alleging negligence by VALUE CITY FURNITURE, AMERICAN SIGNATURE HOME, AMERICAN SIGNATURE, INC. and JLP-NORTH LAKE, LLC. Plaintiff claims certain medical injuries resulted from this alleged negligence.

2. The Defendants, treating physicians, hospitals, and other health care providers disclosed by Plaintiff in this case, are all "covered entities" as defined by 45 CFR 160.103. HIPAA prohibits covered entities from disclosing protected health information in judicial proceedings other than by authorization or qualified protective order . 45 CFR § 164.512(e).

3. These covered entities are all in possession of "protected health information" ("PHI") as defined by 45 CFR 160.103 and 160.501, in the form of medical records (imaging,

test results, insurance documents, notes, orders, labs, correspondence, pathology, etc.) pertaining to SAIRA JAFFARY.

4. Both the prosecution and defense of this case will require that the parties, their attorneys, their attorneys' agents, consultants and various witnesses and other personnel receive and review copies of the PHI pertaining to SAIRA JAFFARY, which is in the treating providers' possession.

WHEREFORE, Defendants, VALUE CITY FURNITURE, AMERICAN SIGNATURE HOME, AMERICAN SIGNATURE, INC. and JLP-NORTH LAKE, LLC, respectfully request that this Court enter the proposed order permitting the use and disclosure of PHI created or received by any covered entity who has provided health care to SAIRA JAFFARY for any purpose connected with the pending litigation.

/s/ Tess L. Dabbah
Tess L. Dabbah (ARDC #6280062)
Mark G. Poulakidas (ARDC #6230065)
HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
Attorneys for Defendants
200 West Adams Street, Suite 500
Chicago, Illinois 60606
312-332-6644
tdabbah@hskolaw.com

2099 mgp

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAIRA JAFFARY, | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 CV 7050 |
| vs. | ) | |
| | ) | Judge Leinenweber |
| VALUE CITY FURNITURE, | ) | |
| AMERICAN SIGNATURE HOME, | ) | Magistrate J. Keyes |
| AMERICAN SIGNATURE, INC., | ) | |
| and JLP-NORTH LAKE, LLC, | ) | |
| Defendants. | ) | |

## ORDER PURSUANT TO HIPAA

This matter having come to be heard on the Motion of Defendants, VALUE CITY FURNITURE, AMERICAN SIGNATURE HOME, AMERICAN SIGNATURE, INC. and JLP-NORTH LAKE, LLC, for the entry of a Qualified Protective Order pursuant to HIPAA; due notice having been given, the Court having jurisdiction; and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED AS FOLLOWS:**

(1) The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") pertaining to Saira Jaffary, to the extent and subject to the conditions outlined herein;

(2) For the purposes of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual which identifies the individual or which reasonably could be expected to identify the individual;

(3) All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to Saira Jaffary, to all attorneys now of record in this matter or who may become of record in the future of this litigation;

(4) The parties and their attorneys shall be permitted to use the PHI of Saira Jaffary in any manner that is reasonably connected with the above-captioned litigation. This includes but is not limited to, disclosures to the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process;

(5) At the conclusion of the litigation (which shall be defined as the point at which all trial and appellate proceedings have been exhausted), any person or entity in possession of PHI pertaining to Saira Jaffary, (other than the person or entity that generated the PHI) shall destroy any and all copies of said PHI in their possession; and

(6) This order shall not control or limit the use of the protected health information pertaining to Saira Jaffary, that comes into the possession of any party's attorney from a source *other than* a "covered entity," (as that term is defined in 45 CFR 160.103).

(7) Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, pursuant to a patient authorization or through attorney-client communications. Likewise, nothing in this order relieves any party from complying with the requirements of the Aid Confidentiality Act (410 ILCS 305/1 *et seq.*), or state and federal law that protects certain drug and alcohol records (20 ILCS 301/30-5, 42 USC 290dd-3, and 42 CFR Part 2).

_____
ENTER

_____
JUDGE

Mark G. Poulakidas (ARDC #6230065)
Tess L. Dabbah (ARDC #6280062)
HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
Attorneys for Defendants
200 West Adams Street, Suite 500
Chicago, Illinois 60606
312-332-6644